

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,490-02

### EX PARTE TERRY LEE GIBBS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10CR2978-83-1 IN THE 212TH DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of possession of a controlled substance, cocaine, with intent to deliver, and sentenced to six months' imprisonment in state jail. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied due process because the lab results used to convict him were unreliable. The Texas Department of Public Safety investigated the laboratory procedures of Jonathan Salvador, the analyst who tested the substance at issue, and determined that his procedures did not comply with accepted forensic standards.

The trial court entered findings of fact and conclusions of law stating that Applicant is

entitled to relief under the factors in *Ex Parte Coty,* 418 S.W.3d 597 (Tex. Crim. App. 2014) (op. on reh'g). Specifically, Salvador was a State actor who had committed multiple instances of intentional misconduct; he worked on this case; his misconduct was the type to affect the evidence in this case (he had tested for cocaine by using a gas chromatography mass spectrometer – the same type of instrument he used to test the substance at issue in this case); and he handled the evidence in this case around the time of his other known instances of intentional misconduct. Further, the tested evidence no longer exists and so the State cannot rebut the inference of falsity. Therefore, the trial court may reasonably infer that the 2011 lab results were false. The court also states that the lab results were material. Applicant relied on them when he pleaded guilty. The court concludes that Applicant would not have pleaded guilty if the lab results had been subject to an inference of falsity.

In addition, the trial court finds that Applicant filed this application approximately two months after he obtained knowledge of Salvador's misconduct and identity as the analyst in this case. The court concludes that the filing delay was not unreasonable and so the laches bar does not apply. The trial court recommends relief be granted.

Relief is granted. The judgment in cause number 10CR2978 in the 212th District Court of Galveston County is set aside, and Applicant is remanded to the custody of the Sheriff of Galveston County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice—Correctional Institutions Division and the Board of Pardons and Paroles.

Filed: June 5, 2024

Do not publish